# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

U.S. COURTS

APR 2 1 2026

Rcvd_____Filed_____Time___
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES OF AMERICA

V.

NEAL DAVIS

609 North Davis Street

Jerome, Idaho 83338

CRIMINAL SUMMONS Case

NO. 1:26-po-00050-REP

# DEFENDENTS MOTION TO DISMISS

## 38 C.F.R. - 1.218(a) & (b) POSESSION OF A FIREARM ON FEDERAL PROPERTY

In an effort to conserve judicial resources, I Neal Espy Davis (the living man) hereby respectfully request the above listed charges against Neal Davis and / or NEAL DAVIS to be dismissed with prejudice immediately due to the unconstitutionality of the charge on its very face. This charge is of itself an infringement upon the defendant's 2nd amendment constitutional rights. Furthermore, evidence in this case was obtained in violation of the 4th amendment constitutional rights of Neal Davis. Moreover, Mr. Davis's 5th amendment constitutional rights were violated in the sense that his property was seized by federal agents without probable cause nor due process of law.

On or about thereof on the date of August 28, 2025 Mr. Davis was in a publicly accessible area (in a hallway on the 3rd floor) of the VA hospital on legitimate

personal business when he was accosted by sergeant Davey (badge no. 2146) of the veteran's affairs police. Davey asked Davis if he could speak to him and Davis swiftly responded, "I DON'T AWNSER QUESTIONS". Mr. Davis was cordial but stood firm on his right to not answer any questions asked by police. Davey stated he had the "RIGHT" to search Mr. Davis. Mr. Davis replied to Davey "what gives you any right to search me"? Davey responded, "because you're on federal property". This very statement would imply that the people are not free in their 'Persons, Papers, and Effects" against unreasonable searches and seizures in direct violation of the people's 4th amendment rights. A prudent and reasonable person not engaged in any criminal activity would have a certain expectation of privacy to not be subject to searches and seizures in the hallway of a hospital on his way to visit his ill father in the step-down unit of the intensive care unit.

After Mr. Davis asked Davey (what gives him the right to search him?) Davey claimed he had suspicion that Mr. Davis may be carrying a "weapon".  Davis asked Davey what would give him suspicion he was carrying a weapon to which Davey responded, "it looks like an outline of a handle so I suspect you of having a firearm on your right hip". Mr. Davis responded "well that really could be anything" hoping Davey would articulate some sort of reasonable suspicion of a crime that either had been committed or was about to be committed but alas approximately 20 seconds after Davey stated to Davis "I have the right to search you" he then said "well I'm allowed to TERRY FRISK you to SEARCH for weapons" immediately grabbing Mr. Davis against his free will and placing his hands behind his back. Davey immediately went under Mr. Davis's clothing and into his pockets where he spent at least 22 seconds manipulating the left front pocket of Mr. Davis's pants to retrieve 5 rounds of .38 special ammunition only after receiving help from Officer Richards. Davey proceeded to ask Mr. Davis if he was aware that he could not have firearms on "federal property", Davis swiftly responded that it being necessary to the security of a free state, a well regulated militia, the RIGHT OF THE PEOPLE TO KEEP AND BEAR ARMS SHALL NOT BE INFRINGED. Mr. Davis further articulated to Davey that this was his right, this was the constitution, (to which

Davey verbally agreed) and that the constitution is the supreme law of the land. Davis further articulated to Davey the supremacy clause verifying the constitution is of the highest law of the land. (united states Constitution article VI clause II) In an attempt to inform Davey that his actions were in direct violation of the supreme law. Mr. Davis did his due diligence to inform Davey that he was egregiously violating the civil Constitutional Rights of Mr. Davis.

Davey stated he needed to do some paper work and procced to inform Mr Davis that he was free to leave and stated he would come find Davis at room 351 (where Layn Davis 'father of Neal Davis" was currently hospitalized). Mr Davis before leaving, asked Davey for his Name and badge number. Davey responded "Sargent Davey" and said here ill show you, proceeding to pull a badge out of his pocket and as he showed it to Mr. Davis he stated badge no. 2146. At this point Davis and Davey proceeded to walk away from each other in 2 separate directions. Davis had not identified him self to Davey at any point in this encounter nor was asked or commanded to. A reasonable prudent person would believe that if an individual was suspected of a crime (especially one of which property was seized as evidence and the confiscation of a legally owned firearm that was not used in any sort of crime took place) that it would be a priority of a federal law enforcement officer to identify the suspect in the alleged crime.

REFRENCES,

**UNITED STATES CONSTITUTION, BILL OF RIGHTS AMMENDMENT IV** 1791

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or

In the 1968 supreme court case of Terry V. Ohio (392 U.S. 1) the court found while a mild intrusion on the peoples 4th amendment constitutional rights, in an effort to ensure officer safety while questioning a suspect of a crime, it may be necessary to "frisk" or "pat down" a suspect to check for weapons or hard objects if the officer has reasonable articulable suspicion that criminal activity is afoot and has reasonable articulable suspicion that the suspect is armed and presently dangerous.

- **Significance:** It allowed for a lower standard than "probable cause" for police to stop and frisk individuals.
- **Purpose:** The ruling strictly limits the frisk to a search for weapons to protect officer safety, not to find evidence of a crime.

*Terry* did not address the grounds that could permissibly lead an officer to stop a person on the street or elsewhere in order to ask questions rather than frisk for weapons, the right of the stopped individual to refuse to cooperate, and the permissible response of the police to that refusal. The Court provided a partial answer in its 2004 decision, *Hiibel v. Sixth Judical District Court*, when it upheld a state law that required a suspect to disclose his name in the course of a valid *Terry* stop. Questions about a suspect's identity are a routine and accepted part of many *Terry* stops, the Court explained.

After *Terry*, the standard for stops for investigative purposes evolved into one of reasonable suspicion of criminal activity. That test permits some stops and questioning without probable cause in order to allow police officers to explore the foundations of their suspicions. Although it did not elaborate a set of rules to govern applying the tests, the Court was initially restrictive in recognizing permissible bases for reasonable suspicion. The Court invalidated extensive intrusions on individual privacy, for example, transporting a person to the station house for interrogation and fingerprinting, absent probable cause, and **the Court has held that an uncorroborated, anonymous tip is an insufficient basis for a *Terry* stop and**

**that there is no firearms exception to the reasonable suspicion requirement.**

The carrying of firearms in public for the purpose of self preservation is a deeply rooted, well established right of the free citizens of the United States.

This has been upheld by the supreme court in D.C. V. Heller 2008 and Mcdonald V. Chicago 2010, and was further upheld by the 2022 case of New York State Rifle and Pistol association V. Bruen where the supreme court affirmed it is the people's constitutional right to carry hand guns in public for self-defense.

Stating that a person cannot exercise this most basic of human right simply because he is in a certain location within the united states its not only notwithstanding by supreme law but flat out null and void as it has no constitutionally supported basis.

For a government body to conspire to deprive the people of basic, long time established, well rooted, fundamental human rights is an act of treason against the people.

Pending Criminal Charge

## 38 C.F.R. - 1.218(a) & (b) POSESSION OF A FIREARM ON FEDERAL PROPERTY

38 C.F.R refers to - (38) Introduction or possession of explosives, or explosive devices which fire a projectile, ammunition, or combustibles, $500.

Possession of a firearm on federal property refers to 37 C.F.R - (37) Possession of firearms, carried either openly or concealed, whether loaded or unloaded (except by Federal or State law enforcement officers on official business, $500.

(c) *Enforcement procedures.*

(1) VA administration directors will issue policies and operating procedures governing the proper exercise of arrest and other law enforcement actions, and limiting the carrying and use of weapons by VA police officers. VA police officers

found qualified under respective VA administration directives and duly appointed heads of facilities for the purposes of 38 U.S.C. 902(b)(1), will enforce these rules and regulations and other Federal laws on VA property in accordance with the policies and operating procedures issued by respective VA administration directors and under the direction of the head of the facility.

(2) VA administration directors will prescribe training for VA police officers of the scope and duration necessary to assure the proper exercise of the law enforcement and arrest authority vested in them and to assure their abilities in the safe handling of situations involving patients and the public in general. VA police officers will successfully complete prescribed training in law enforcement procedures and the safe handling of patients as a condition of their retention of statutory law enforcement and arrest authority.

(3) Nothing contained in the rules and regulations set forth in paragraph (a) of this section shall be construed to abrogate any other Federal laws or regulations, including assimilated offenses under 18 U.S.C. 13, or any State or local laws and regulations applicable to the area in which the property is situated.

[50 FR 29226, July 18, 1985, as amended at 80 FR 49162, Aug. 17, 2015]


Based on the foregoing, for the reasons stated above,

I Neal Espy Davis hereby motion the court to dismiss the above listed charge of **38 C.F.R. - 1.218(a) & (b) POSESSION OF A FIREARM ON FEDERAL PROPERTY** immediately, for reasons of civil rights violations, lack of legal precedence, no Corpus Delecti, and failure to state a legal claim of a crime committed. There has been no injury to any person or any property nor has any felony been committed on behalf of the defendant.

Sincerely,

Neal Espy Davis

609 North Davis street

Jerome, Idaho 83338